# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JAQUAN WRIGHT,<br><br>　　　　　　　Defendant. | Case No. 23-CR-77-30-JPS<br><br><br>**ORDER** |

　　　　Now before the Court is Defendant Jaquan Wright's ("Defendant") motion to reduce his sentence under Amendment 829 to the United States Sentencing Guidelines (the "Guidelines"). ECF No. 817. For the reasons stated below, the motion will be denied.

　　　　In April 2024, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the Guidelines, known as the "Youthful Individuals Amendment" or "Amendment 829." *2024 Youthful Individuals Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/amendments/2024-youthful-individuals-amendment [https://perma.cc/3MGD-L5W6] (last visited July 9, 2025); *Guidelines Amendments Take Effect Tomorrow, Nov. 1, 2024*, Defender Services Office Training Division (Oct. 31, 2024), https://www.fd.org/news/guidelines-amendments-take-effect-tomorrow-nov-1-2024 [perma.cc/89BN-Z3TZ]. Amendment 829 "addresses the relevance of age in sentencing," "specifically providing that a downward departure may be warranted in cases in which the defendant was youthful at the time of the instant offense or any prior offenses." *2024 Youthful*

*Individuals Amendment* at 1 (in linked PDF). This amendment took effect on November 1, 2024. *Amendments to the Sentencing Guidelines ("Reader-Friendly" Version)*, U.S. SENT'G COMM'N (Apr. 30, 2024), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202405_RF.pdf [perma.cc/Q235-FU6A].

Defendant was sentenced on September 13, 2024. ECF No. 538. Due to the total offense level of 23 and his criminal history category of VI, Defendant's Guidelines range of imprisonment was 92 to 115 months. ECF No. 538 at 1. He ultimately received a below-Guidelines sentence of 60 months total. ECF No. 538 at 2; ECF No. 540 at 2.

Defendant now asks the Court to consider his youthfulness at the time of the offense to reduce his sentence. *See generally* ECF No. 817. He specifically asks the Court to "correct his criminal history points category by removing . . . crimes [that he committed] at the age [of] 25 and under," such that his criminal history category would be I and his Guidelines range of imprisonment would be 37 to 51 months. *Id.* at 3.

The Court must deny Defendant's motion. Amendment 829 "merely amended a [Guidelines] policy statement to broaden the court's discretion to consider youthfulness . . . . [and] was not retroactive." *Briggs v. United States*, No. 3:22CR5 DRL, 2025 WL 1734657, at *4 (N.D. Ind. June 20, 2025).[1]

---

[1] By contrast, the Sentencing Commission has voted to give retroactive effect to other amendments to the Guidelines. *See generally, e.g.*, *Amendment to the Sentencing Guidelines ("Reader-Friendly" Version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA]. Because the Sentencing Commission may make Guidelines amendments retroactive but has chosen not to do with respect to Amendment 829, the Court has no basis to conclude that Amendment 829 can be applied to defendants sentenced before it took effect.

Because Defendant was sentenced before Amendment 829 went into effect and it is not retroactive, the Court may not apply it to Defendant's case.

Additionally, Amendment 829 does not authorize the Court or the United States Probation Office to disregard offenses committed at a young age or recalculate Defendant's criminal history points or category, as he requests. Nothing in the language of the amendment references criminal history points or category at all. Rather, Amendment 829 clarifies how the Court may consider a defendant's age when applying its discretion in imposing a sentence.

For these reasons, the Court must deny Defendant's motion to reduce his sentence pursuant to Amendment 829.

Accordingly,

**IT IS ORDERED** that Defendant Jaquan Wright's motion to reduce his term of imprisonment, ECF No. 817, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge